UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY BALDERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATE GOURMET, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:26-cv-2720<br><br>(*Formerly Case No. 26-2-19881-1 KNT in the Superior Court of Washington for King County*)<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Gate Gourmet, Inc. ("Gate Gourmet" or "Defendant"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of Washington for the County of King, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because (1) minimal diversity exists under the Class Action Fairness Act and the amount in controversy exceeds $5 million, and (2) complete diversity exists and the amount in controversy exceeds $75,000. Gate Gourmet expressly reserves the right to, and will,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

provide additional evidence to support the allegations of this Notice of Removal as required in the event a challenge is raised to the Court's jurisdiction.

This removal is based on the following grounds:

## 1. PROCEDURAL BACKGROUND

1. On June 22, 2026, Plaintiff Tracy Balderas ("Plaintiff") filed an unverified putative class action complaint against Defendant Gate Gourmet, Inc., in the Superior Court of the State of Washington for the County of King, in the matter entitled *Tracy Balderas, individually and on behalf of all others similarly situated v. Gate Gourmet, Inc.*, Case No. 26-2-19881-1 KNT, a true and correct copy of which is attached as **Exhibit A** (the "Complaint").

2. The same day, the Superior Court issued a civil case scheduling order. **Exhibit B.**

3. On July 1, 2026, Gate Gourmet was served with a copy of the Summons and Complaint. *See* Exhibit A.

4. On July 19, 2026, counsel for Gate Gourmet inquired as to whether Plaintiff's counsel was amenable to a 30-day extension to respond to Plaintiff's complaint and first set of discovery requests. That same day, Plaintiff's counsel agreed to the extensions. *See* **Exhibit C.**

5. No further proceedings have taken place in state court.

6. In the Complaint, Plaintiff seeks to represent the following putative class:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.[1]

Compl. ¶ 4.1.

On behalf of herself and the putative class, Plaintiff asserts causes of action for: (1) failure to provide rest periods; (2) failure to provide meal periods; (3) failure to pay overtime wages;

---

[1] The statute of limitations for each of Plaintiff's claims is three years. Therefore, for the purpose of removal, Gate Gourmet has calculated the amount in controversy based on a class period beginning on June 22, 2023.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

(4) payment of wages less than entitled; (5) failure to accrue and allow use of paid sick leave; (6) unlawful deductions and rebates; (7) failure to pay all wages due at termination; and (8) willful refusal to pay wages. *See generally,* Compl. ¶¶ 6.1–13.5.

7. Defendant has calculated the amount in controversy as set forth below. Defendant denies that it violated any laws with respect to Plaintiff or the putative class members and that she and putative class members are entitled to any relief. Defendant reserves the right to provide additional calculations if Plaintiff's theories change.

## 2. REMOVAL IS TIMELY

8. Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

9. When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. § 1446(b) thirty-day window does not begin to run. *Harris*, 425. F.3d at 692–695. "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695.

10. Although the Complaint here is indeterminate on its face because it does not affirmatively allege any amount in controversy and thus Defendant contends that the clock has not begun to run on the deadline for removal, it cannot be disputed that this Notice of Removal is timely filed because it is filed within 30 days of service on Defendant.

11. Plaintiff served the registered agent for Gate Gourmet on July 1, 2026. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing,*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

*Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint). Gate Gourmet has until July 31, 2026, to file its Notice of Removal. *See* Fed. R. Civ. P. 6(a)(1)(C). Because this Notice of Removal is filed on or before July 31, 2026, it is timely.

12. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## 3. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13. This lawsuit is a putative class action.[2] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) minimal diversity of citizenship exists between at least one putative class member and at least one Defendant; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff—or the putative class(es) that she purports to represent—is entitled to the relief requested in the Complaint, based on Plaintiff's allegations in the Complaint and Prayer of Relief, all requirements for jurisdiction under CAFA have been met in this case.

### a. Minimal Diversity of Citizenship Exists.

14. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists; that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that, to achieve its purposes, CAFA provides

[2] Defendant expressly denies and reserves the right to contest at the appropriate time that this action can proceed as a class action. Defendant further denies all of Plaintiff's claims and denies that she can recover any damages or penalties on behalf of herself or any putative class.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). As explained below, Plaintiff is a citizen of Washington, and Defendant is a citizen of Delaware and Virginia.

**i. Plaintiff is a Citizen of Washington.**

15. "A person's state citizenship is determined by their state of domicile . . . ." *Mendoza v. City of Vancouver*, 269 F. Supp. 3d 1087, 1110 (W.D. Wash. 2017), *aff'd*, 745 F. App'x 768 (9th Cir. 2018) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is an individual's "permanent home, where she resides with the intention to remain" indefinitely. *Kanter*, 265 F.3d at 857. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

16. In her Complaint, Plaintiff specifically alleges that she "is a resident of Washington" and that she was hired "as an hourly-paid or non-exempt employee during the relevant time period." Compl. ¶ 3.1. Based on a review of Plaintiff's personnel file, Plaintiff has resided in the State of Washinton for the entirety of her employment with Defendant. Lieske Renz Declaration ("Renz Decl.") ¶ 7. Accordingly, based on Plaintiff's own allegations and Plaintiff's personnel information, Plaintiff is and was at the time of filing of the Complaint a citizen of the State of Washington for diversity jurisdiction purposes. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

**ii. Defendant Gate Gourmet is a Citizen of Delaware and Virginia.**

17. Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

18. Gate Gourmet is incorporated under the laws of the State of Delaware, with its principal place of business in Reston, Virginia. Renz Decl. ¶ 3. Gate Gourmet's principal place of business is in Reston, Virginia because its "nerve center" is located in Reston Virginia. Specifically, the Reston corporate office is where Gate Gourmet's senior management and high level officers manage its executive and administrative operations, including operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. *Id.*

19. Accordingly, at all relevant times, Gate Gourmet has been a citizen of the State of Delaware and Virginia.

**b. The Putative Class Has More Than 100 Members.**

20. CAFA's requirement that proposed class membership be no less than 100 members (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

21. Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Compl. ¶ 4.1. Based on Plaintiff's definition and Gate Gourmet's records, the putative class contains approximately 1,213 persons who were employed as non-exempt employees of Gate Gourmet in Washington from June 22, 2023 through July 9, 2026. Renz Decl. ¶ 5. Thus, without conceding that Plaintiff could represent this sweeping class, the putative class contains more than 100 members.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**c. The Amount in Controversy Exceeds $5,000,000.[3]**

22. Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). When a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

23. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

---

[3] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Defendant refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims lack merit and that Defendant is not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Gate Gourmet's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Defendant denies that this case is suitable for class treatment.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

24. The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

25. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has advised, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

26. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. March 8, 2012). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

27. Here, although Defendant expressly denies Plaintiff's factual allegations and denies that she—or the putative class that she seeks to represent—is entitled to any of the relief for which Plaintiff has prayed, Plaintiff's allegations and prayer for relief more likely than not have placed into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6). Accounting for only those alleged violations related to the Gate Gourmet's putative class members, Defendant has established an amount in controversy exceeding $5 million.

**i. Plaintiff's Claims for Unpaid Wages Places Approximately $3,593,700 in Controversy.**

28. Plaintiff's claims for unpaid wages are based on her allegations that Defendant violated the Minimum Wage Act by (1) failing to pay putative class members for work during meal periods, (2) failing to pay putative class members for work during rest periods, (3) failing to pay employees all wages to which they are entitled; (4) failing to pay putative class members for overtime beyond 40 hours; (5) failing to accrue and allow use of paid sick leave; (6) making unlawful deductions; and (7) failing to pay employees all wages owed upon termination. Compl. ¶¶ 6.1-13.5.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

29. Under the Washington Minimum Wage Act, a plaintiff must bring an action within three years from the date of the alleged underpayment. *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837, *opinion corrected on denial of reconsideration,* 1 P.3d 578 (Wash. 2000).

1. Plaintiff's Meal Period Claim Places Approximately $1,584,000 in Controversy.

30. Plaintiff seeks to recover alleged unpaid wages based on her allegations that she and other putative class members did not receive compliant meal periods: "Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work." Compl. ¶ 5.9.

31. Plaintiff further alleges that "Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break." *Id.* at ¶ 5.10.

32. Under WAC 296-126-092, "[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift." WAC 296-126-092 (1). Further, "[n]o employee shall be required to work more than five consecutive hours without a meal period." *See id.* at (2). LNI's regulations implementing the IWA require employers to provide a meal period of at least 30 minutes for every five hours worked, which must be taken no earlier than 2 hours and no more than 5 hours from the beginning of a shift. *See* WAC 296-126-092(1)-(2). Employees working ten or more hours are entitled to a second meal break of no less than 30 minutes. *Carlson v. Home Depot USA Inc.*, No. C20-1150 MJP, 2021 WL 4636858, at *4 (W.D. Wash. Oct. 7, 2021) (citing WAC 296-126-092(3)).

33. Plaintiff's Complaint purports to seek damages in the form of payment for the unpaid 30-minute period and an extra 30 minutes of pay. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690 (2011); *see also* Administrative Policy ES.C.6, § 7, at 3–4 ("Meal periods are



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

considered hours of work when the employer requires employees to remain on duty on the premises or at a prescribed work site and requires the employee to act in the interest of the employer . . . . As long as the employer pays the employees during a meal period in this circumstance and otherwise complies with the provisions of WAC 296-126-092, there is no violation of this law, and payment of an extra 30-minute meal break is not required.").

34. Based on Defendant's records, there are approximately 1,213 members of the putative class who worked for Gate Gourmet, they have worked at least 66,000 workweeks during the relevant period, and their average hourly rate of pay was over $24.00 during those workweeks. Renz Decl. ¶ 8.

35. Defendant's conservative calculation of the amount in controversy for Plaintiff's meal period claim is $1,584,000 [66,000 workweeks x (($24.00 hourly rate x 30 minutes) + ($24.00 hourly rate x 30 minutes))]. The computation is based on the assumption of an alleged violation rate of one missed meal period per workweek, which would result in payment for (1) the 30-minute meal period and (2) an extra 30 minutes of pay. One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes and where, as here, a plaintiff alleges a policy and practice of failing to provide meal periods. *See* Compl. ¶ 5.9. (Defendant has "engaged in a common course" of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work); *see also Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that an assumed 20% alleged violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Ctrs. of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

2. Plaintiff's Rest Period Claim Places Approximately $396,000 in Controversy.

36. Plaintiff alleges that Defendant "has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work." Compl. ¶ 5.2.

37. Plaintiff further alleges that Defendant "has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break." Compl. ¶ 5.3.

38. Plaintiff further alleges that Defendant "has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break." *Id.* ¶ 5.5.

39. Gate Gourmet's non-exempt employees in Washington receive paid rest breaks that are 15 minutes in duration. Renz Decl. ¶ 13.

40. Under applicable circumstances, LNI regulations state that employees should "be given a paid 10-minute rest break for every four hours worked. WAC 296-126-092(4). And no employee shall be required to work more than three hours without a rest break." *Carlson v. Home Depot USA Inc.*, No. C20- 1150 MJP, 2021 WL 4636858, at *4 (W.D. Wash. Oct. 7, 2021). The statute of limitations on a claim for failure to provide rest periods is three years. *See Pro. Eng'g Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837–38 (2000) (noting three-year statute of limitations applies to wage claims).

41. Based on Defendant's records, the putative class members who worked for Gate Gourmet at least 66,000 workweeks, and their average hourly rate of pay was over $24.00 during those workweeks.

42. Defendant's conservative calculation of the amount in controversy for Plaintiff's rest period cause of action is $396,000 [66,000 workweeks x ($24.00 average hourly rate x 0.25)]. The computation is based on the assumption of an alleged violation rate of one missed rest period



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

per workweek for the putative class. *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512 (C.D. Cal. Mar. 3, 2015). One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes where, as here, a plaintiff has alleged a "common course" of failing to provide rest periods. *See* Compl. ¶¶ 5.2-5.5; *Chavez*, 2019 WL 1501576, at *3; *Danielsson*, 2019 WL 7290476, at *6.

3. Plaintiff's Off-the-Clock Claim Places Approximately $1,584,000 in Controversy.

43. Plaintiff alleges that Defendant "has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked." Compl. ¶ 5.15.

44. Based on Defendant's records, the putative class members who worked for Gate Gourmet at least 66,000 workweeks, and their average hourly rate of pay was over $24.00 during those workweeks.

45. Defendant's conservative calculation of the amount in controversy for Plaintiff's off-the-clock cause of action is $1,584,000 (66,000 workweeks x $24.00 average hourly rate), which is based on the assumption of one hour of allegedly unpaid work at the average hourly rate of pay. *See Vasquez v. Randstad US, L.P.*, 2018 WL 327451, at *4 (N.D. Cal. Jan. 9, 2018) (finding Defendant's assumption of 2.5 hours per employee per week was reasonable for minimum wage claim damages calculation where plaintiff alleged that defendant had a "policy and practice" of requiring off-the-clock work).

4. Plaintiff's Claim for Failing to Accrue and Allow Use of Paid Sick Leave Places Approximately $29,700 in Controversy.

46. Plaintiff alleges that Defendant "has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members." Compl. ¶ 5.26.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

47. Plaintiff further alleges that Defendant "engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break." Compl. ¶ 5.28.

48. Plaintiff further alleges that Defendant "engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break." Compl. ¶ 5.29.

49. Based on the assumed alleged missed meal and rest breaks discussed, *supra* ¶¶ 30-41, Defendant's alleged failure to provide compliant meal and rest breaks resulted in approximately 49,500 hours of unpaid compensable time (calculated as 45 minutes per week x 66,000 workweeks). Based on the allegations in the Complaint, Defendant conservatively estimates that members of the putative Class are alleged to have accrued 1,237.5 hours of paid sick leave during the class period due to the alleged non-compliant meal and rest breaks (49,500 hours of unpaid compensable time / 40 hours). Therefore, Defendant's conservative calculation of the amount in controversy for unpaid sick time is $29,700 ($1,237.5 hours x $24.00 average hourly rate).

5. Plaintiff's Claim for Willful Withholding of Wages Puts an Additional $3,593,700 in Controversy.

50. Plaintiff seeks double damages under Washington's Wage Rebate Act (RCW 49.52.50). *See* Compl. ¶ C (alleging, e.g., that "[e]xemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070." Defendant denies that any purported class member is entitled to double damages on any or all claims. Nevertheless, the amount placed in controversy by Plaintiff's request for double damages effectively doubles, as alleged, the total amount of wages placed in controversy by Plaintiff's other wage claims.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

51. In total, Plaintiff's wage-related causes of action place approximately $3,593,700 in controversy, which must be multiplied by two (for a total of $7,187,400), not counting potential attorneys' fees. And these calculations do not include all the causes of action in the complaint, which contribute additional amounts in controversy.

**ii. Plaintiff's Request for Attorneys' Fees Places Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.**

52. Plaintiff seeks recovery of attorneys' fees. *See* Compl. ¶ D. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy"). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

53. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees" and that "a percentage-based method," such as 25% of the total amount in controversy, may be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795, 796, fn. 6. Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See, e.g.*, *Salcido v. Evolution Fresh, Inc.*, 2016 WL 79381, at *8 (C.D. Cal. Jan. 6, 2016); *Oda v. Gucci America, Inc.*, 2015 WL 93335, at *5–6 (C.D. Cal. 2015); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014) ("[T]he Court finds that using [the 25%] benchmark is the most appropriate way to calculate attorneys' fees in order to establish the amount in controversy for jurisdictional purposes."). Therefore, the inclusion of attorneys' fees would add another



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

approximately $1,796,850 to the amount in controversy (25% of $7,187,400 total above), bringing the total amount in controversy to approximately $8,984,250. It is therefore reasonable to assume that Plaintiff's potential future attorneys' fees place at least an additional $1,796,850 in controversy.

## 4. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BASED ON DIVERSITY

54. In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

### a. Complete Diversity of Citizenship Exists Between the Parties.

55. Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Defendant Gate Gourmet because Plaintiff and Gate Gourmet are citizens of different states.

#### i. Plaintiff Is a Citizen of Washington.

56. As explained *supra*, Plaintiff is a resident of King County, Washington. Based on her own allegations, Plaintiff is and was at the time of filing of the Complaint a citizen of Washington for diversity jurisdiction purposes. *See Ehrman*, 932 F.3d at 1227.

#### ii. Defendant Gate Gourmet is a Citizen of Virginia and Delaware

57. As explained *supra*, Gate Gourmet is a citizen of Virginia and Delaware, because Gate Gourmet is incorporated under the laws of the State of Delaware, with its principal place of business in Reston, Virginia.

### b. The $75,000 Amount in Controversy Requirement Is Satisfied.

58. To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

59. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 83. The "defendant's notice



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, Defendant may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

60. Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages that she seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer*, 116 F.3d at 377). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Abrego Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not a daunting one . . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021).

61. While Defendant denies Plaintiff's factual allegations and further denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

**i. Plaintiff's Request for Individual Damages Specific to Her Places $11,117.16 in Controversy.**

62. For Plaintiff individually, excluding the other putative class members, the total associated with her damages is likely more than $11,117.16. This amount includes alleged wage and overtime violations, alleged failure to reimburse employee expenses, and alleged willful withholding of wages only with respect to Plaintiff.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

1. <u>Plaintiff's Claim for Failure to Pay Wages Puts At Least $5,558.58 in Controversy</u>.

63. Based on Defendant's records, Plaintiff worked at least 106.71 workweeks, and her average hourly rate of pay is $23.00 during those workweeks. Renz Decl. ¶ 9. Accordingly, Defendant's conservative calculation of the amount in controversy for Plaintiff's meal period claim is $2,444.67 (106.71 workweeks x (($23.00 x 30 minutes) + ($23.00 hourly rate x 30 minutes))). The computation is based on the assumption of an alleged violation rate of one missed meal period per workweek, which would result in payment for (1) the 30-minute meal period and (2) an extra 30 minutes of pay. One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes and where, as here, a plaintiff alleges a policy and practice of failing to provide meal periods. *See* Compl. ¶ 5.9. (Defendant has "engaged in a common course" of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work); *see also Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that an assumed 20% alleged violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Ctrs. of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption—a 20% violation rate for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").

64. Defendant's conservative calculation of the amount in controversy for Plaintiff's rest period claim is $613.58 (106.71 workweeks x ($23.00 average hourly rate x 0.25)). The computation is based on the assumption of an alleged violation rate of one missed rest period per workweek for the putative class. *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512 (C.D. Cal. Mar. 3, 2015). One violation per workweek is generally



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes where, as here, a plaintiff has alleged a "common course" of failing to provide rest periods. *See* Compl. ¶¶ 5.2-5.5; *Chavez*, 2019 WL 1501576, at *3; *Danielsson*, 2019 WL 7290476, at *6.

65. Defendant's conservative calculation of the amount in controversy for Plaintiff's off-the-clock work claim is $2,454.33 (106.71 workweeks x $23.00 average hourly rate), which is based on the assumption of one hour of unpaid work at the average hourly rate of pay. *See Vasquez*, 2018 WL 327451, at *4.

66. Defendant's conservative calculation of the amount in controversy for Plaintiff's sick time claim is $46.00. Defendant conservatively estimates that Plaintiff accrued 80 hours of unpaid compensable time (45 minutes[4] per week x 106.71 workweeks). Based on the allegations in the Complaint, Defendant conservatively estimates that Plaintiff is alleged to have accrued 2 hours of paid sick leave during the class period due to the alleged non-compliant meal and rest breaks (80 hours of unpaid compensable time / 40 hours). Therefore, Defendant's conservative calculation of the amount in controversy for Plaintiff's unpaid sick time is $46.00 (2 hours x $23.00 average hourly rate).

2. <u>Plaintiff's Claim for Willful Withholding of Wages Puts At Least An Additional $5,558.58 in Controversy</u>.

67. Plaintiff prays for double damages under the Wage Rebate Act. *See* Compl. ¶ C. Thus, the amount placed in controversy by this claim is equivalent to the total amount of wages placed in controversy by Plaintiff's claims for meal and rest periods, off-the-clock work, and sick time as an additional $5,558.58.

---

[4] Assuming one missed meal break and one missed rest break each workweek. *See* Complaint ¶¶ 5.2, 5.9 (alleging a "common course" of failing to provide Plaintiff and Class members compliant meal and rest breaks).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**ii. Plaintiff's Claim for Attorneys' Fees Places At Least $75,000 in Controversy.**

68. Regardless of Plaintiff's request for damages, Plaintiff's claim for attorneys' fees associated with litigation of her individual claims places more than $75,000 in controversy. *See* Compl. Prayer for Relief, ¶ F.

69. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino*, 506 F.3d at 698 (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

70. When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch*, 899 F.3d at 794.

71. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorneys' hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). With respect to fee awards in similar employment class actions, courts have recognized that attorneys handling employment class actions "typically spend *far more than 100 hours* on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (emphasis added).

72. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual claims through trial, based on Plaintiff's allegations and a comparison of similar individual cases, is at least 200 hours. *See Ott v. Cooper Interconnect, Inc.*, No. 2:23-CV-04501-SPG-JC, 2023 WL 5530028 (C.D. Cal. Aug. 25, 2023). The parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Defendant anticipates deposing the Plaintiff. Defendant anticipates that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendant anticipates filing a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Given the anticipated motion practice and the need for at least one case management conference, Defendant anticipates there will be at least four court appearances, separate and apart from any pretrial and trial practice before the Court.

73. Further, single-plaintiff employment matters typically require hundreds, if not thousands of hours of work, through trial. *See, e.g.*, Plaintiff's Motion for Attorney Fees, Costs, and Prejudgment Interest, No. 12-cv-0245-RAJ, 2013 WL 12317592, *Conti v. Corporate Services Group, Inc.* (W.D. Wash. Dec. 26, 2013) (in a single-plaintiff employment case, the plaintiff's counsel recorded 3,354.35 hours worked through trial); Plaintiff's Memorandum of Points &



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Authorities in Support of Motion for Attorneys' Fees and Costs, *Bingham v. Marriott International*, Inc., No. 8:21-cv-00836-JLS, 2022 WL 18780576 (C.D. Cal. Mar. 30, 2022) (in a single-plaintiff employment case, the plaintiff's counsel recorded 547.90 hours worked through the FRCP 68 offer); Plaintiff's Motion for Attorneys' Fees, *Watts-Lynch v. Delta Air Lines, Inc.*, No. 2:15-cv-09476-MWF, 2018 WL 1459551 (C.D. Cal. Mar. 12, 2018) (in a single-plaintiff employment case, the plaintiff's counsel recorded 598.17 hours worked through trial).

74. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases. In a separate litigation, the attorney representing Plaintiff has sought an hourly rate of $900. *Delaine Phillips v. Penumbra, Inc.*, No. 23CV030740, Superior Court of the State of California for the County of Alameda (*Declaration of Douglas Han ISO Motion for Final Approval of Class Action Settlement* filed February 6, 202). Conservatively, using the lowest number of hours in the foregoing examples, i.e., 547.90 hours worked at Plaintiff's $900 hourly rate, would equal $493,110—which in itself is far in excess of the $75,000 statutory threshold.

**iii. All Other Prerequisites for Removal Have Been Satisfied.**

75. As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendant.

76. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

77. Defendant has sought no similar relief.

78. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have been met.

79. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## 5. VENUE

80. This action was originally filed in the Washington Superior Court for the County of King. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## 6. NOTICE

81. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

82. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Defendant as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits hereto.

## 7. CONCLUSION

83. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of their position that this case is subject to removal, as well as jurisdictional discovery.

DATED: July 31, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA #28449

By: *s/ Hannah R. Talmage*
Hannah R. Talmage, WSBA #60232

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: molly.terwilliger@morganlewis.com
hannah.talmage@morganlewis.com

*Attorneys for Defendant Gate Gourmet, Inc.*



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

## CERTIFICATE OF SERVICE

I certify that on this date, I served true and correct copies of the following documents upon counsel of record listed below in the manner indicated:

1. Gate Gourmet's Notice of Removal
2. Gate Gourmet's Verification of State Court Records
3. Gate Gourmet's Corporate Disclosure Statement
4. Civil Cover Sheet
5. Notice of Filing of Notice of Removal

***Attorneys for Plaintiff Tracy Balderas:***

Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
April Rheaume, WSBA #57119
JUSTICE LAW CORPORATION
1215 4th Avenue, Suite 1630
Seattle, WA 98101
Phone: (360) 207-0000
Email: dhan@justicelawcorp.com
statavos@justicelawcorp.com
arheaume@justicelawcorp.com

☒ Via Legal Messenger
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Email
☒ Via CM/ECF

Dated: July 31, 2026 at Seattle, Washington.

*s/ Kelly M. Kennedy*
Kelly M. Kennedy, Legal Assistant

# EXHIBIT A

FILED
2026 JUN 22 11:13 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19881-1 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| TRACY BALDERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATE GOURMET, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Tracy Balderas ("Plaintiff"), by her undersigned counsel, for her class action complaint against Defendant Gate Gourmet, Inc. ("Defendant"), alleges as follows:

///

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay its employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and have operations in King County. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in King County because Defendant operates and transacts business in King County. RCW 4.12.025(1), (3).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt employee during the relevant time period.

3.2 Defendant. Defendant is a Delaware corporation with its principal place of business in Reston, Virginia.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class is any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. Plaintiff believes that more than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.3 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

5.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

5.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

5.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

5.8 Defendant had actual or constructive knowledge of the facts set forth above.

5.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

5.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

5.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

5.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.14 Defendant had actual or constructive knowledge of the facts set forth above.

5.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

5.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

5.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.18 Defendant had actual or constructive knowledge of the facts set forth above.

5.19 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

5.20 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.22 Defendant had actual or constructive knowledge of the facts set forth above.

5.23 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.24 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

5.25 Defendant had actual or constructive knowledge of the facts set forth above.

5.26 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.27 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.

5.28 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.29 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.30 Defendant had actual or constructive knowledge of the facts set forth above.

5.31 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

5.32 Defendant had actual or constructive knowledge of the facts set forth above.

5.33 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.34 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

5.35 Defendant had actual or constructive knowledge of the facts set forth above.

**VI. FIRST CLAIM FOR RELIEF**

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

## (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

## (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

11.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

11.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members who are no longer employed by Defendant has been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

**XIV. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

///

///

///



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of June, 2026.

**JUSTICE LAW CORPORATION**

By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ April Rhéaume*
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
1215 4th Ave., Suite 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

# EXHIBIT B

FILED
2026 JUN 22 11:13 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19881-1 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| TRACY BALDERAS<br><br>Plaintiff(s)<br>vs<br><br>GATE GOURMET, INC.<br><br>Defendant(s) | No. 26-2-19881-1 KNT<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Karen Matson Donohue, Dept. 22**<br>FILED DATE: 06/22/2026<br>TRIAL DATE:06/28/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/22/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 11/30/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 11/30/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 12/14/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 01/25/2027 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 03/08/2027 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 03/22/2027 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 03/22/2027 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 05/10/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 06/01/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 06/07/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 06/07/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 06/14/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 06/21/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/21/2027 |
| | Trial Date [*See KCLCR 40*]. | 06/28/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 06/22/2026

[signature]

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

[signature]

PRESIDING JUDGE

# EXHIBIT C

**From:** April Rhéaume <arheaume@justicelawcorp.com>
**Sent:** Sunday, July 19, 2026 9:55 PM
**To:** Terwilliger, Molly A.
**Cc:** dhan@justicelawcorp.com; statavos@justicelawcorp.com; Talmage, Hannah R.; Berry, Brian D.; Flor Gonzalez; Naomi Hailu; Sophia Hanneyan
**Subject:** Re: Balderas v. Gate Gourmet

[EXTERNAL EMAIL]
Hi Molly.

Thirty days on both are fine with us. If you do intend to file anything but an Answer, I would appreciate a short call. And once you are up to speed, I would be happy to chat. I look forward to working with you on this.

On Sun, Jul 19, 2026 at 9:43 AM Terwilliger, Molly A. <molly.terwilliger@morganlewis.com> wrote:

> Counsel
>
> We have been retained by Gate Gourmet for the Balderas litigation. We are still getting up to speed—can you please let us know whether you are amenable to a 30 day extension of our time to respond to your complaint, as well as an extension on the discovery requests? By my calculations, that would push our response date to **August 21**.
>
> We look forward to working with you on this matter.
>
> Regards,
>
> Molly
>
> **Molly A. Terwilliger**
>
> Pronouns: She/Her/Hers
>
> **Morgan, Lewis & Bockius LLP**
>
> 1301 Second Avenue, Suite 3000 | Seattle, WA 98101
>
> Direct: +1.206.274.6370 | Main: +1.206.274.6400 | Fax: +1.206.274.6401
>
> Assistant: Kelly Kennedy | +1.206.274.6419 | kelly.kennedy@morganlewis.com
>
> molly.terwilliger@morganlewis.com | www.morganlewis.com

CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our Privacy Policies and Notices. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

--

**April Rhéaume**
Attorney

1215 4th Ave. Suite 1630
Seattle, Washington 98101
360.207.0000 (Tel)
360.255.0232 (Direct)
JusticeLawCorp.com
arheaume@justicelawcorp.com